**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **NO. MO:22-CR-154-DC** |
| | ) | |
| **RAYMOND CHARLES JR** | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS**

**I.   Introduction**

Defendant Raymond CHARLES Jr. has moved to suppress evidence obtained resulting from a traffic stop that occurred on July 1, 2022. The Defendant was pulled over by Corporal Potter after being observed running a stop sign. Corporal Potter turned on his lights and conducted a traffic stop. Defendant pulled over, Corporal Potter approached the truck at the driver side and immediately smelled an extremely strong odor of marijuana. A probable cause search of the vehicle revealed approximately .195 ounces of marijuana, a THC cartridge, and a stolen black Ruger .45 caliber pistol and ammunition. The Defendant has now moved to suppress the firearm and ammunition located in his vehicle resulting from search. The Government finds no real merit in Defendants motion at all. However, as will be explained in more detail below, the Government will address the validity of the stop and the search. The traffic stop was lawful because it was based on a violation of Texas Transportation Code. The search of the vehicle was based on probable cause and did not violate any of the Defendant's Constitutional rights, and the evidence resulting from that search should not be suppressed. As such, the Defendant's Motion to Suppress should be denied.

## II.     Background

On Friday morning July 1, 2022, at 12:38 am, Corporal Gary Potter was on patrol, in his marked Odessa Police Department patrol unit[1]. Corporal Potter was conducting active patrol in the area in an effort to deter criminal activity with a visible police presence. Corporal Potter sat stationary in the 6800 blk of Trunk Street just east of the intersection with Pronto Street[2].

Corporal Potter observed a blue single cab 2013 Chevrolet Silverado bearing Arkansas tag AFE63X traveling southbound on Pronto Street at a high rate of speed, make a right turn onto Trunk Street without stopping at the stop intersection. (Potter In Car, at 0:30-0:41). Corporal Potter then pulled out onto the roadway, accelerating to over 70 mph in an 35mph zone in order to catch up to the blue Chevrolet Silverado and activated his lights to initiate a traffic stop. (Potter in Car, at 0:42-1:20).

While exiting the vehicle, Corporal Potter called in the traffic stop location and truck tag number into dispatch for safety purposes. The driver and sole occupant of the blue Chevrolet Silverado was positively identified as Raymond CHARLES Jr. While making contact with CHARLES Jr. and standing at the driver's side window Corporal Potter smelled a moderate odor of an alcoholic beverage on CHARLES Jr's breath and observed him to have very red and bloodshot eyes. Corporal Potter asked CHARLES Jr. what the rush was and told CHARLES Jr. that he observed him going through the stop sign pretty fast. Corporal Potter then asked CHARLES Jr. if he'd been drinking or anything tonight. CHARLES Jr. responded that he'd had

---

[1] Corporal Potter had a citizen on patrol riding with him and observing him that night as well.
[2] That location is an area known for very dangerous and reckless driving and a very high volume of criminal activity going and coming from the strip clubs at Jaguars and Ricks.

a couple of drinks. Corporal Potter then asked if CHARLES Jr. had any beer or anything in the truck, and CHARLES Jr. responded no. (Potter Body cam, at 1:21-1:38).

As Corporal Potter stood at the driver's side window engaging in conversation with CHARLES Jr., Corporal Potter detected an *extremely strong odor of marijuana* emitting from CHARLES Jr. breath *and* from the inside of his pickup truck. Corporal Potter then asked CHARLES Jr. if he had any weapons or anything on him, and CHARLES JR. responded no. CHARLES Jr, was asked to step out of the truck. (Potter Body Cam, at 1:50-1:57). As CHARLES Jr. exited the pickup truck, Corporal Potter observed an Ooze vape pen with a full vape cartridge attached to it in plain view[3].

Once CHARLES Jr. exited the truck, Corporal Potter told him that he was going to pat him down for weapons to make sure he didn't have anything on him while they were talking. (Potter Body Cam, at 1:58-2:10). While detaining CHARLES Jr. in handcuffs, Corporal Potter asked CHARLES Jr. again to clarify if there were any beers or anything in the truck, and CHARLES Jr. responded, "no sir." CHARLES Jr. then inquired about whether he was being detained. Corporal Potter explained to CHARLES Jr. that he was not currently under arrest but that he was in fact being detained. (Potter Body Cam, at 2:16-2:37). Within the first three minutes of speaking with CHARLES Jr., Corporal Potter told CHARLES Jr. that it smelled like he had smoked some weed tonight too. Corporal Potter asked CHARLES Jr. if that was the case and CHARLES Jr. replied, "no sir, the only thing, I got my gun right there." (Potter Body Cam, at 2:39-2:46) Corporal Potter then asked CHARLES Jr. again whether he had anything thing else on him? Specifically, Corporal Potter asked CHARLES Jr. whether he had any weed on him,

---

[3] Corporal Potter in his training and experience knew, that vape pen likely contained THC.

3

CHARLES Jr. responded in the negative. Corporal Potter also asked if CHARLES Jr. or someone else had smoked weed in the truck recently, and CHARLES Jr. responded, "*no sir, not since earlier today*." (Potter Body Cam, at 3:17-3:46).

Corporal Potter finished searching CHARLES Jr.'s person and then told CHARLES Jr. that he will continue to be detained so that Corporal Potter could safely search his truck for narcotics and pending further investigation.

Corporal Potter conducted a probable cause search of CHARLES Jr.'s truck. Inside of the truck Corporal Potter found a .195-ounce bag of marijuana, a black Ruger P90 .45 caliber semi-automatic handgun with 8 rounds of ammunition in the magazine and an Ooze Vape pen containing 67.79% THC.

CHARLES Jr. was subsequently arrested on charges for being a felon in possession, possession of marijuana, possession of THC and issued two criminal citations. After being transported to the Ector County Detention Center and ordered to change clothes, CHARLES Jr. was observed by staff members to have a small baggie of suspected Fentanyl, under his testicles.

CHARLES Jr. was subsequently indicted on July 27, 2022, for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Defendant now moves to suppress the firearm and ammunition resulting from the traffic stop and search described herein.

**III.     Argument**

    **A.     Law Enforcement Had Probable Cause to Stop the Vehicle Based on the Traffic Violation**

The Defendant claims that he was unlawfully seized and searched therefore, the firearm and ammunition seized based on the traffic stop should be suppressed.

In this case, Corporal Potter noticed CHARLES Jr. vehicle failed to stop at a stop sign

that is clearly visible as it contains bright red flashing LED lights.  As CHARLES JR. committed violation § 544.010 of the Texas Transportation Code, the initial stop was valid.

      CHARLES Jr. erroneously claims that there was no probable cause that he'd committed a traffic violation and that he never received a ticket for violating any traffic laws. *See* Def. Mot at 17.  Corporal Potter did in fact issue two citations to CHARLES Jr.; one for running a stop sign and one for possession of drug paraphernalia. Copies of the citations were left with CHARLES Jr's personal property at the jail and further not only was CHARLES Jr. told about the citations, but he also signed a copy of his personal property report which included a notation that he received both citations.

      **B.**     **<u>The Search Was Lawful – Law Enforcement Had Probable Cause</u>**

      "[T]he basic rule [is] that 'searches conducted outside the judicial process, without prior [judicial] approval . . ., are *per se* unreasonable under the Fourth Amendment --subject only to a few specifically established and well-delineated exceptions.'" *Arizona v. Gant*, 556 U.S. 332, 338 (2009).

      The applicable well-delineated exception to the warrant requirement in this case is the Probable Cause search.  "This court has concluded that, under *Carney,* 'probable cause *alone* suffices to justify a warrantless search of a vehicle…as long as the scope of the search is reasonable.'" (citations omitted) *United States v. Sinisterra*, 77 F.3d 101, 104 (5th Cir. 1996).

      As the Fifth Circuit has explained, "Reasonable suspicion exists if the police officer can point to specific and articulable facts indicating that criminal activity is occurring or is about to occur." *United States v. Pena-Gonzalez*, 618 Fed Appx. 195, 197 (5th Cir. 2015) (internal citations omitted).

In this case, Corporal Potter smelled the odor of marijuana emitting from CHARLES Jr's person and from his vehicle supplying Corporal Potter with probable cause to search the vehicle. *See United States v. Ibarra-Sanchez*, 199 F.3d 753,760 (5th Cir, 1999); see also *United States v. Henke*, 775 F. 2d 641, 645 (5th Cir.1985) ("Once the officer smelled the marijuana, he had probable cause to search the vehicle."). Further CHARLES Jr. lied about the presence of narcotics in the vehicle even after Corporal Potter observed the THC vape pen in the driver's side door and confronted him with it.

Thus, Corporal Potter had probable cause to search the vehicle. Despite CHARLES Jr's erroneous assertion that the stop was prolonged in order for Corporal Potter to "find" probable cause, the evidence through testimony and from Corporal Potter's body camera video will show that within minutes of the stop probable cause was obtained. *See* Def. Mot. at 17.

Further this entire incident is recorded on a body camera and the resultant search was clearly reasonable.

## IV.   Conclusion

Probable cause existed to believe that there was evidence of criminal activity afoot in the vehicle when Corporal Potter smelled the odor of marijuana emitting from Defendant's breath and from inside his vehicle thus the search was reasonable. A probable cause search of the vehicle does not violate the Fourth Amendment and suppression of the evidence is not warranted.

WHEREFORE, PREMISES CONSIDERED, the United States respectfully requests the Court to deny Defendant's motion to suppress.

                                                                 Respectfully submitted,

                                  ASHLEY C. HOFF
                                  UNITED STATES ATTORNEY

By:   */s/ Monica L. Daniels*
       Monica L. Daniels
       Assistant United States Attorney

## Certificate of Service

I hereby certify that on September 17, 2022, I filed this document with the Clerk using the CM/ECF filing system, which will cause a copy of the document to be delivered to counsel for Defendant, Anthony Colton.

                                  */s/ Monica L. Daniels*
                                  Monica L. Daniels
                                  Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **NO. MO:22-CR-154-DC** |
| | ) | |
| **RAYMOND CHARLES JR** | ) | |

## **ORDER**

BEFORE THE COURT is Defendant's Motions to Suppress.

The Court finds that the Defendant is not entitled to suppress any evidence obtained as a result of the July 1, 2022, incident involving Defendant. Defendant's motion is therefore DENIED.

IT IS SO ORDERED.

SIGNED and ENTERED this _____ day of _____, 2022.

_____
DAVID COUNTS
United States District Judge