IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:22-CR-00154-DC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND CHARLES JR., | ) | |
| | ) | |
| Defendant. | ) | Thursday, July 12, 2022 |
| _____ | ) | 9:55 A.M. |


TRANSCRIPT OF INITIAL APPEARANCE
**BEFORE THE HONORABLE RONALD C. GRIFFIN**
**UNITED STATES DISTRICT JUDGE**

Deputy Clerk:                    Monica Ramirez
                                 United States District Court
                                 200 East Wall Street, Room 222
                                 Midland, Texas 79701


Transcription Service By:        Dipti Patel, CET-997
                                 Liberty Transcripts
                                 7306 Danwood Drive
                                 Austin, Texas 78759
                                 (847) 848-4907
                                 www.libertytranscripts.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

<u>**Midland, Texas - Thursday, July 14, 2022**</u>          (9:55 a.m.)

**P R O C E E D I N G S**

---oOo---

THE CLERK:  The Court calls MO:22-MJ-184, the United States of America versus Raymond Charles Jr.

THE COURT:  Good morning. Mr. Charles.

THE DEFENDANT:  Good morning.

THE COURT:  What we're going to do this morning is an initial appearance with you in your case.  This will not take long.  But I need to go over some things with you.  I need to go over the charge you're facing here in court.  I'll go over and make sure you've got the right paperwork that goes with everything.

The marshals are going to pick that paperwork up. You'll get it back and you'll have time to review it after we get through this morning because I'm going to switch gears. I'm going to talk to you about the -- I want to make sure you understand the punishment range you're looking at if you get convicted.

Then we're going to talk about a lawyer.  If you can't afford one, I'm going to appoint you a lawyer, set your case for a couple of hearings.  I'll go over generally what those are about and when they're going to happen.  I'll go over some rights you have and make sure you understand your rights.  And that's all we're going to do this morning.

1          I don't want to get into whether you're guilty.  I

2     don't want you to say anything that's incriminating.  That's

3     not the point.  It's really just to make sure you understand

4     the charge, what you're looking at if you get convicted, and

5     get you a lawyer and then get your case set for some other

6     hearings.  Okay?  Make sense?

7               THE DEFENDANT:  Yes, sir.

8               THE COURT:  All right.  If you'll raise your right

9     hand, she's going to swear you in real quick.  And then we'll

10    cover those topics and I'll get you back on your way.  Okay?

11               RAYMOND CHARLES JR., DEFENDANT, SWORN

12               THE COURT:  You can put your hand down, Mr. Charles.

13    Take that paperwork -- well, first of all, any condition or

14    any medicine you're on that might make it difficult to

15    understand what we're doing?

16               THE DEFENDANT:  No, sir.

17               THE COURT:  Okay.  Take that paperwork.  Turn that

18    over for me please, sir.  And first thing I want to do is make

19    sure your name is spelled correctly there.  Raymond Charles

20    Jr.  Is that spelled correctly?

21               THE DEFENDANT:  Yes, sir.

22               THE COURT:  All right.  Here's what you're charged

23    with.  I'm going to start with that second sentence down

24    there.  On or about the date of July 1st, 2022, in Ector

25    County, in the Western District of Texas, charge is you

violated Title 18 United States Code Section 922(g)(1). As
simple as I can put it, the charge is that you're a felon and
you possessed a firearm. Okay? Do you understand the charge?

THE DEFENDANT: Yes, sir.

THE COURT: If you go to the next page, there should
be an affidavit there from a detective named Nicholas Moore
(phonetic) with OPD. Do you have that affidavit?

THE DEFENDANT: Yes, sir.

THE COURT: All right. The marshals are going to
pick that up. They're going to give that back to you, okay?
You're going to get it back and you can read it as much as you
want. Okay?

THE DEFENDANT: All right.

THE COURT: Here's the punishment range you face if
convicted. You face a term of imprisonment not to exceed ten
years. So it's anywhere from zero to ten years is the range
of imprisonment. You face a term of supervised release not to
exceed three years. So it's zero to three years on the
supervised release range. Fine not to exceed $250,000 and a
$100 special assessment.

Do you understand that range of punishment?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. You're entitled to have a lawyer
represent you. If you can't afford one, I'll appoint one for
you. Can you afford a lawyer?

1    THE DEFENDANT:  No, sir.

2    THE COURT:  Were you working anywhere when you got

3    arrested?

4    THE DEFENDANT:  Yes, sir.

5    THE COURT:  What kind of job do you have?

6    THE DEFENDANT:  I was working for Caserca (phonetic)

7    oil field company.

8    THE COURT:  What kind of job?  What were you doing

9    for them?

10    THE DEFENDANT:  I was, like, it was, like, a rental.

11    It's like a third-party oil field company.  We go out and do

12    rig wells, roustabout, pieholing, pig cleaning --

13    THE COURT:  Okay.

14    THE DEFENDANT:  -- et cetera.  Yes, sir.

15    THE COURT:  How long had you had that job with them?

16    THE DEFENDANT:  Approximately about seven months.

17    THE COURT:  Okay.  What kind of money were you

18    making with them?  On a monthly basis, what are you taking

19    home?

20    THE DEFENDANT:  About five grand a month.

21    THE COURT:  Okay.  And out of that five grand, are

22    you having to pay rent, you're paying groceries, you're paying

23    cell phone, cars.

24    THE DEFENDANT:  Yes, sir.

25    THE COURT:  What's left over; anything?

1          THE DEFENDANT:  Give and take, maybe a few hundred.

2          THE COURT:  Okay.

3          THE DEFENDANT:  I got eight kids; you know what I

4     mean.

5          THE COURT:  Eight kids?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Good lord.

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  All right.  Yeah.  All right.  So eight

10    kids, and then $5,000 a month.  You ain't got nothing left at

11    the end.  Right?  Fair?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  All right.  I'm going to make a finding

14    that you qualify for court-appointed counsel.  I'm going to

15    appoint the Federal Public Defender.  Okay?  The Federal

16    Public Defender's Office here in Midland is going to represent

17    you, Mr. Charles.  Okay?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  So we got you a lawyer now.  I'm going

20    to set your case for a couple hearings.  You're entitled to

21    have a probable cause hearing with me, and you're entitled to

22    have a detention hearing.  That's a bond hearing.  Okay?  And

23    I'm going to set those hearings for July 19th at 9:00 a.m.

24    July 19th at 9:00 a.m.

25         Your lawyer -- I don't know, there's two lawyers at

1    the Public Defender's Office.  I don't know who's on duty

2    today.  It's either going to be Anthony Colton or John

3    Velasquez.  But one of those two is going to get your case.

4    They'll talk to you before the 19th and go over what to

5    expect.

6           You may end up waiving these hearings, or you may

7    end up having them.  It's going to be up to you after you talk

8    to your lawyer.  But if you have them, I'll have a probable

9    cause hearing and I'll have a bond hearing on the 19th at

10   nine, okay?

11          THE DEFENDANT:  Okay.

12          THE COURT:  Now before that hearing, you're going to

13   get a call from a pretrial officer.  This is a pretrial

14   officer at this table.  And there -- we have others, too.  I

15   don't know which one's going to call you, but you're going to

16   get a call out at Haskell and they're going to ask you a bunch

17   of questions because they prepare a report for me.  It's a

18   pretrial report.  And I use that, to a certain extent, in

19   making a decision on whether to give you a bond or not.  Okay?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Any questions so far?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  All right.  You have a right to remain

24   silent.  Anything you say can be used against you.  If you've

25   said anything to anybody about your case, you don't have to

say anything else.  You have a right to have your lawyer

present with you during any questioning.

        Do you understand those rights?

        THE DEFENDANT:  Yes, sir.

        THE COURT:  All right.  Any questions?

        THE DEFENDANT:  No, sir.

        THE COURT:  All right.  You're remanded to the

custody of the United States Marshals.  I'll see you back on

the 19th, sir.  Thank you.

        THE DEFENDANT:  Thank you.

      (Proceedings adjourned at 10:00 a.m.)

                  ---OOO---


**C E R T I F I C A T E**

    I, DIPTI PATEL, court-approved transcriber, certify that

the foregoing is a correct transcript from the official

electronic sound recording of the proceedings in the above-

entitled matter.


*Dipti Patel*

_____

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS              Date: April 10, 2023