IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:22-CR-00154(1)-DC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RAYMOND CHARLES JR., | ) | |
| | ) | |
| Defendant. | ) | Wednesday, September 14, 2022 |
| _____ | ) | 4:14 P.M. |

TRANSCRIPT OF STATUS CONFERENCE
**BEFORE THE HONORABLE RONALD C. GRIFFIN**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:        United States Attorney's Office
                          BY:  JOSEPH MAHONEY, ESQUIRE
                          400 West Illinois Avenue, Suite 1200
                          Midland, Texas 79701

For the Defendant:        Office of the Federal Public
                             Defender
                          BY:  ANTHONY COLTON, ESQUIRE
                          200 East Wall Street, Room 110
                          Midland, Texas 79701

Deputy Clerk:             Monica Ramirez
                          United States District Court
                          200 East Wall Street, Room 222
                          Midland, Texas 79701

Transcription Service By: Dipti Patel, CET-997
                          Liberty Transcripts
                          7306 Danwood Drive
                          Austin, Texas 78759
                          (847) 848-4907
                          www.libertytranscripts.com

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

<u>**Midland, Texas - Wednesday, September 14, 2022**</u>    (4:14 p.m.)

**P R O C E E D I N G S**

---oOo---

THE CLERK:  The Court calls MO:22-CR-154, the United States of America versus Raymond Charles Jr.

MR. MAHONEY:  Joseph Mahoney on behalf of the United States.

MR. COLTON:  Anthony Colton for Mr. Charles.

THE COURT:  All right.  Good afternoon.

And under Rule 5(f), Counsel for the United States is ordered to comply with its disclosure obligation under <u>Brady vs. Maryland</u>.  Failure to do so may result in the dismissal of charges, exclusion of evidence, adverse jury instructions, contempt proceedings, and sanctions.

And, Mr. Charles, we've already had an arraignment. And you've got a trial setting of October 3rd.  So, and I know, Mr. Colton and I were talking, we have a number of cases this afternoon.  We've been in here all afternoon.  So Mr. Colton's had some other matters.  So I know he's filed a motion to suppress in your case.

But let me get him to put this on the record.  We didn't have it on the record.  A while ago I just asked what was going to happen.  Let him go ahead and make his record. The Government's going to also correct your name spelling. I'll get them to do that, too, in just a minute.  And then

1    I'll kind of sort it out from there.

2            Go ahead, Mr. Colton.

3            MR. COLTON:  Yes, Your Honor.  We filed a motion to

4    suppress in Mr. Charles' case today.

5            THE COURT:  Okay.

6            MR. COLTON:  The reason that these take a little

7    longer sometimes is because the discovery kind of drags in and

8    we don't always have enough information to file a motion to

9    suppress --

10            THE COURT:  Right.

11            MR. COLTON:  -- you know, two weeks after the

12    indictment.  And so that's what happened here.

13            THE COURT:  Okay.  So it's been filed.  Obviously,

14    the Government will have time to respond to that.  And then

15    Judge Counts will set it for a hearing or carry that, hear it

16    at trial or he'll do whatever he's going to do at that point.

17    But the Government's going to have some time to respond.

18            So here's what I want you to know, Mr. Charles, on

19    this.  And we'll probably go over this same topic again in the

20    future.  But so you've talked to Mr. Colton.  You understand

21    what he's doing on your behalf filing that motion.  He's

22    challenging the evidence in some respect.  And I don't know

23    anything about your case other than what's in that indictment.

24    I mean, I probably did at one point, but I don't remember it.

25            So it's a felon in possession of a firearm charge.

I don't know the circumstances.  But there's something about

that evidence that your lawyer's challenging on your behalf.

Now, the Government's going to have an opportunity to file a

responsive brief to that.

     And then I'm not going to say guaranteed, but in all

likelihood, Judge Counts is going to have a hearing at some

point with you.  And he'll hear some evidence and hear

arguments.  And then he'll make a ruling.

     You understand all that?

     THE DEFENDANT:  Yes, sir.

     THE COURT:  Okay.  So here's the thing I want to

make sure you understand is that the case is set, and I think

really the motion to suppress is going to work as a kind of

like a continuance.  But -- because he's going to have to rule

on that.  But anyway, it's set for the 3rd right now, October

3rd.

     There's a plea deadline of this -- it's this Friday,

right?  Is that my plea deadline?  It's this Friday is the

plea deadline.

     MR. COLTON:  I believe so, Your Honor.

     THE COURT:  That's significant in this respect.  If

you had not filed the suppression motion and you wanted to

take advantage of the plea because you were guilty and you

pled, you would have the opportunity to receive acceptance of

responsibility points.  Okay?

1    And then that, those acceptance points, I know Mr.

2   Colton's gone over this with you.  It reduces, it reduces

3   under the sentencing guidelines where your range.

4         And so it could have a positive benefit on any sort

5   of sentence that you would receive by the district judge when

6   you're sentenced.  Of course you could always forego that and

7   just go to trial.  And if you did that and you were convicted,

8   you would have no points.  There would be zero acceptance

9   points, and you would be sentenced wherever that falls.

10        You're in a little bit of a grey area in that the

11   way that we've been doing the suppressions is that it's filed,

12   and then depending on what the district judge does with that

13   suppression, if it's something that's granted and it's

14   something that if granted your entire case would go away, then

15   the case goes away.

16        But if it's something where he grants it and there's

17   still evidence that can come in that would support a guilty

18   finding, or if he just denies your challenge to the evidence,

19   your case would still be around on a trial docket.  Okay?

20        And then what would happen is you would still -- we

21   would bring you back.  I would bring you back once there's a

22   ruling on that suppression, assuming there's something to

23   bring back, there's still a case.  Then we would talk about

24   you having -- you would still have an opportunity to receive

25   some acceptance points.

1    You just won't get as much as you would without

2  filing a motion.  And the reason that is is because if the

3  Government has to respond and has to go argue and put on

4  things on the suppression, then you're not going to get --

5  they're not going to give you their point on acceptance.  So

6  you might still get some acceptance points.  You're just not

7  going to get the full opportunity that you would have

8  otherwise.  That make sense?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Okay.  So that's where we're at right

11  now.  So I don't think unless Mr. Mahoney tells me otherwise,

12  or Mr. Colton, I don't think there's another reason to bring

13  you back this week.  And I'll just wait and see what Judge

14  Counts does.  He may just push this case over to the next

15  trial docket.  And if he does, then everything will reset

16  anyway.

17          But you're not -- I'm telling you, I'm not going to

18  lose track.  You're going to go on another spot on my docket

19  call summary and I won't lose track of you and these

20  acceptance points.  The Government won't -- they'll remind me

21  that you're not going to get that point if they've got to go

22  through with that.  Okay?

23          THE DEFENDANT:  Okay.

24          THE COURT:  I don't see a reason to come back.  I

25  mean, unless y'all can think of something else.  Mr. Mahoney?

1          MR. MAHONEY:  Nothing from the Government, Judge.

2          THE COURT:  Mr. Colton?

3          MR. COLTON:  No, Your Honor.

4          THE COURT:  So I'll just report to Judge Counts that

5     that motion to suppress was filed.  The Government's got time

6     to respond, and then we'll see what he wants to do on the

7     trial setting.  He may set you specially or something.  I

8     don't know what he's going to do.

9          MR. COLTON:  Yeah, well, I mean, and that's what he

10    did on the last case.

11         THE COURT:  Yeah.

12         MR. COLTON:  He just, he had the hearing and we went

13    on with the trial, so.

14         THE COURT:  Yeah.  And he may do that.  I mean, I'm

15    saying all that.  I've been here long enough to know I don't

16    know what he's going to do up there.  I mean, he may roll you

17    to another docket.  He may specially set you.  He may hear

18    this thing the morning of your trial and then go on with your

19    trial.  I don't know what he's going to do.

20         He's the district judge.  That's his ball game up

21    there.  Mine's down here.  If you're not going to plea, I just

22    tell him you're coming on up.  All right.  I was trying to

23    think.

24         The other thing, though, that I want to make sure of

25    that I don't want you to lose sight of, and Mr. Mahoney's new,

1    but is that sometimes -- well, usually it's after the ruling,

2    right?  You can have some sort of a stipulated bench trial --

3            MR. COLTON:  Right.

4            THE COURT:  -- to preserve appellate issues.  And

5    then we just don't do the plea.  I think the stipulated bench

6    trial goes faster than the plea colloquy anyway.  But that's

7    an opportunity, too.  But I'm getting ahead of myself.  You

8    don't know what the ruling is going to be yet.  So, but you've

9    done those and you're aware of them, so.

10           MR. COLTON:  Yes, Your Honor.

11           THE COURT:  All right.  So I'm just going to say

12   you've got a trial setting.  Until Judge Counts says that

13   trial setting is moved, just plan on October 3rd.  And I don't

14   know what he's going to do.  He may move it, but we'll see.

15           MR. MAHONEY:  And then, Your Honor, just one

16   additional thing.  The Government would ask to make an oral

17   motion to correct the name on the indictment so that Raymond

18   is spelled R-A-Y-M-O-N-D.

19           THE COURT:  That motion is granted.  And I've got

20   the corresponding order.  Thanks for reminding me once again

21   on that.  We corrected your name --

22           THE DEFENDANT:  Thank you.

23           THE COURT:  -- on the indictment, Mr. Charles.

24           All right.  Is there anything else, Mr. Colton?

25           MR. COLTON:  No, Your Honor.

1        THE COURT:  Mr. Mahoney, anything else?

2        MR. MAHONEY:  No, Your Honor.

3        THE COURT:  All right.  Mr. Charles, you're remanded

4    to the custody of the marshals.  Thank you, sir.

5        (Proceedings adjourned at 4:23 p.m.)

6                         ---oOo---

7

8

9

10                    **C E R T I F I C A T E**

11        I, DIPTI PATEL, court-approved transcriber, certify that

12    the foregoing is a correct transcript from the official

13    electronic sound recording of the proceedings in the above-

14    entitled matter.

15

16                    *Dipti Patel*

17

18    _____

19    DIPTI PATEL, CET-997

20    LIBERTY TRANSCRIPTS              Date: April 11, 2023

21

22

23

24

25