UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA Division

FEB 2 5 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

Raymond Charles Jr.    )
                       )
V.                     )   No.: 7:22-cr-00154(1)DC
                       )
United States of America )
                       )

18 U.S.C. §3582(c)(1)(A)(i)
Pro Se Motion

On **February 9, 2023** Raymond Charles Jr. was sentence to 235 months for violation of possession of a firearm by a convicted felon **Count 1.**

The ACCA defines a **Serious Drug Offense** as including **an** offense under **Sates Law,** involving manufacturing, distributing or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the controlled substances Act (21 U.S.C.§802)), for which a maximum term of imprisonment of ten years or more is prescribed by law, **18 USC §924(e)(2)(A)(ii);** Section 102 defines a **Controlled Substance as** a drug or other substance, or immediate precursor, included in the Federal controlled Substances Schedule. **21 USC §802(6).**

The district court erred in sentencing Raymond Charles Jr. under the ACCA. That statute requires at least a **15 years** sentence if the defendant has **three** previous previous convictions ... for a violent felony or a serious drug offense ... committed on occasions different from one another. **18 USC §924(e)(1).**

922(g)(1) It shall be unlawful for any person (1) Who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

§924(e)(1); In the case of a person who violates section §922(g) of this title 18 USC §922(g) and has three previous convictions by any court referred to in section 922(g)(1) of this title 18 USC §922(g)(1) for a violent felony or a serious drug offense, or **both,** committed on occasions different from one another, such person shall be fined under this title and imprisoned **not** less than fifteen years.

1

Raymond Charles Jr. was not indicted for §924(a)(2), whoever knowingly violates subsection **(a)(6),(h),(i),** or **(o)** of section §922. **18 USC §922** shall be fined as provided in this title, imprisoned **not more** than **10 years**, or **both.** Raymond Charles Jr. was indicted for **§922(g)(1)** but not **§922 (a)(6),(h),(i),** or **(o).** Raymond Charles Jr. argues that there is a **gross disparity** in his sentence. **120 Months** impose for **§922(g)(1).**

The sentencing commission amended the policy statement to provide that district courts **may** consider changes in law as part of the extraordinary **and** compelling reasons analysis, but **only** after **fully considering** Raymond Charles Jr. individualized circumstances **§1B1.13 (a)(6)(a)**(2023).

Raymond Charles Jr. argues that Congress enacted the ACCA to protect society from those who commit a large number of **fairly** serious crimes as their means of livelihood because those people **are** specially likely to inflict grave harm when in possession of a **firearm.** See **Wooden v. United States,** 595 U.S. 360 (2022). The Statute mandates a **15 years** minimum sentence for **unlawful** gun possession when the offender has **three or more prior convictions for violent felonies.**

In **Wooden,** the Supreme Court adopted the later approach, finding that a multi-factored test is more appropriate. While recognizing that a range of circumstances may be relevant, it specifically mentioned the following factors: (1) Whether the defendant committed **the offense** close in time, in a uninterrupted course of conduct; (2) Proximity of location; and (3) whether the offenses **shared** a common scheme or purpose.

Raymond Charles Jr. argues that extraordinary **and** compelling circumstances exist because of changes in law to the **ACCA Illegal** enhancement. **His** prior State convictions **is NOT** Federal Convictions, his State convictions **NO** longer count as separate predicate felonies. Without the **ACCA** and **§922(g)(1)** enhancement Raymond Charles Jr. would not have been subject to the illegal statutory minimum of 15 years under **18 USC §924(e)** or illegal 120 Months under **§922(g)(1),** and his guideline range would have been **0-6 months.**

Raymond Charles Jr. argues as to prejudice, when a defendant is sentenced under an incorrect guidelines range whether **or** not the defendant's ultimate sentence fall within the correct range-the error itself can, and most often will be sufficient to show a reasonable provability of a different outcome absent the error. **Molina-Martinez v. United States,** 578 U.S. 189 (2016). And

2

as to **fairness**, the risk of unnecessary **deprivation** of liberty particularly undermines the fairness, integrity, or public reputation of **judicial proceedings** in the context of a plain **guidelines** error. Rosales-Mireles v. United States, 585 U.S. 129 (2018).

This error affected Raymond Charles Jr. substantial rights by increasing his total offense level, resulting in a guideline range of 235 months imprisonment instead of **0-6 months** imprisonment. See **Molina-Martinez**, 578 U.S. at 201 (explaining that, in the **ordinary case**, defendant satisfies his burden to show prejudice by pointing to the application of an incorrect, higher guide-lines range and the sentence he received there under). See **Conception v. United States**, 597, U.S. 81 (2022).

As a matter of law Raymond Charles Jr. is not a ACCA offender under the guidelines.

The district judge certainly has the discretion to consider a **PSR** or addendum in resolving a **§3582(c) Motion** if it determines that such PSR or Addendum would be helpful. However, Raymond Charles Jr. must have notice of the contents of the addendum, PSR and notice that the court is considering it such that he will have the opportunity to respond to our contest it. **United States v. Mueller**, 168 F. 3d 186 (5th Cir. 1499).

RELIEF REQUEST

To **GRANT** my §3582(c)(1)(A)(i) **Motion** to base offense level **0-6 Months** under §2K2.1 (a)(8). or to **TIME SERVED** or **6 Months**.

Raymond Charles Jr.
Reg.No.: 10058-510
F.C.I. Texarkana
P.O.BOX 7000
Texarkana, TX 75505-7000

3



Mr. Raymond Charles Jr. #10058-510
Federal Correctional Institution
P.O. Box 7000
Texarkana, Texas 75505

RECEIVED
FEB 25 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

7011 0470 0000 4030 4943

◇ 10058-510 ◇
Clerk US District Court
#222
200 E WALL ST
Midland, TX 79701
United States



CERTIFIED MAIL

7011 2970 0004 0393 4383

SHREVEPORT LA 710
21 FEB 2025